IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, § § § | |
| *Plaintiff,* § § | |
| v. § § | CIVIL ACTION NO. _____ |
| § | |
| D & S SHIPLEY DONUTS, INC. § D/B/A SHIPLEY'S DONUTS § § | |
| *Defendant.* § | **JURY TRIAL DEMANDED** |

## PLAINTIFF'S ORIGINAL COMPLAINT

### NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of sex and provide appropriate relief to Brooke S. Foley ("Foley" or "Charging Party"), who was adversely affected by such practices. Defendant unlawfully discriminated against Charging Party by subjecting her to unlawful disparate treatment, forced leave, and termination of employment, due to pregnancy in violation of Title VII and the Pregnancy Discrimination Act. These allegations are discussed in greater particularity in paragraphs 12 through 27 below.

### JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title

1

VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. Venue is proper within the jurisdiction of the United States District Court for the Southern District of Texas, Houston Division.

3. The employment practices alleged to be unlawful were committed in Katy, Fort Bend County, Texas, part of the metropolitan area that also encompasses Houston, Harris County, Texas, within the jurisdiction of the United States District Court for the Southern District of Texas, Houston Division.

## PARTIES

4. Plaintiff Equal Employment Opportunity Commission ("Plaintiff" or the "Commission") is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. Sections 2000e-5(f)(1) and (3) .

5. At all relevant times, Defendant D & S Shipley Donuts, Inc. d/b/a Shipley's Donuts ("Defendant" or "Shipley's") has continuously been a Texas corporation doing business in the State of Texas, in the City of Katy, Fort Bend County, Texas, within the Metropolitan area of Houston, Harris County, Texas. Defendant has continuously had at least fifteen (15) employees.

6. Defendant's registered agent for service of process is listed with the Secretary of State as Donald Sicinski. However, public records indicate that Mr. Sicinski was deceased as of 2009. Accordingly, Defendant will be served with process by serving its owner and president, Sharon Sicinski Davis ("the Owner"), at 1135 S. Mason Rd., Katy, TX 77450, and/or serving Defendant's attorney.

7. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e-(b), (g) and (h).

## ADMINISTRATIVE PROCEDURES

8. More than thirty days prior to the institution of this lawsuit, Foley filed a charge of discrimination with the Commission alleging violations of Title VII and the Pregnancy Discrimination Act by Defendant.

9. Prior to institution of this lawsuit, the Commission's representatives attempted to eliminate the unlawful employment practices alleged below, and to effect voluntary compliance by Defendant with Title VII and the Pregnancy Discrimination Act, through informal methods of conciliation, conference, and persuasion within the meaning of Section 706(b) of Title VII, 42 U.S.C. § 2000e-5(b).

10. A Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission has been issued to Defendant.

11. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

12. Defendant owns and operates Shipley's Donuts restaurants located in or around Katy, Texas.

13. Since at least November 2013, Defendant has engaged in unlawful employment practices on the basis of sex and pregnancy in violation of Sections 701(k) and 703(a)(1) of Title VII, 42 U.S.C. §§ 2000e(k) and 2000e-2(a)(1).

14. At all relevant times, Defendant maintained a policy or practice that required female employees who are pregnant to supply Defendant with a written medical release assuring Defendant that the employee does not have a "high risk" pregnancy and it is safe for the employee to continue performing her normal duties while pregnant.

15. During the relevant time period, the pregnancy policy or practice was part of Defendant's standard operating procedure and was enforced as a condition of employment. The Owner enforced and carried out the pregnancy policy or practice with the assistance of other managers and supervisors.

16. Foley was employed by Defendant as a cashier from on or about April 22, 2013 to on or about November 18, 2013, when she was unlawfully terminated.

17. At the time of the adverse actions, Foley was pregnant and/or was believed or suspected by Defendant of being pregnant.

18. On or about November 17, 2013, based on informal verbal reports by other employees, the Owner confronted Foley in an on-site meeting attended by two other employees, and which took place in a part of the restaurant that afforded Foley very little privacy. The Owner and another manager asked Foley intrusive personal questions concerning whether or not she was pregnant. Foley did not disclose at the meeting whether or not she was, in fact, pregnant.

19. Nonetheless, at the meeting of November 17, 2013, Foley was informed that, pursuant to the franchise's established policy or practice, she was required to produce a medical release demonstrating she was physically able to continue working and performing her duties during her pregnancy.

20. The Owner also informed Foley that she would be removed from the work schedule, without pay, beginning the following day, and pending her submission of the release.

21. Foley did not agree to obtain a release or to see a doctor to obtain a release. She made her unhappiness with the request known to the Owner.

22. That same afternoon, after conferring with Charging Party, Foley's mother, Barb Foley, acting on her daughter's behalf, confronted the Owner and questioned the legality of the medical release requirement.

23. Both Foley and her mother, acting as Foley's representative, opposed the request for the release.

24. The following day, November 18, 2013, Foley's employment was terminated by a Shipley's manager or supervisor over the phone.

25. Foley was subjected to an unlawful workplace policy and disparate treatment discrimination, as well as different terms and conditions of employment than other employees, because of her sex, female, and her pregnancy or suspected pregnancy, and in retaliation for participating in protected activity in opposing Defendant's illegal actions, in violation of Title VII and the Pregnancy Discrimination Act. The effect of these unlawful practices, including Shipley's policy or practice of requiring a medical release from pregnant employees, has been to deprive Foley of equal employment opportunities, and to otherwise adversely affect her status as an employee.

26. The unlawful employment practices complained of above were intentional.

27. The unlawful employment practices complained of above were done with malice or reckless indifference to the federally protected rights of Foley, in violation of Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

  A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with Defendant, from engaging in sex discrimination, and any other employment practice which discriminates on the basis of sex or pregnancy.

  B. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with Defendant, from engaging in retaliation against employees who make good-faith complaints of discrimination or who otherwise oppose discriminatory conduct.

  C. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for applicants and employees regardless of their sex or pregnancy, and which eradicate the effects of Defendant's past and present unlawful employment practices.

  D. Order Defendant to make whole Brooke S. Foley by providing appropriate back pay with prejudgment and post-judgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to, reinstatement where appropriate or an award of front pay in an amount to be proved at trial if reinstatement is impractical.

  E. Order Defendant to make whole Brooke S. Foley by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 12-25 above, including medical expenses, the value of lost insurance benefits, and job search expenses, in an amount to be determined at trial.

  F. Order Defendant to make whole Brooke S. Foley by providing any other affirmative relief necessary to eradicate the effects of its unlawful employment practices

described in paragraphs 12-25 above, including but not limited to, reinstatement where appropriate or an award of front pay in an amount to be proved at trial if reinstatement is impractical.

      G.     Order Defendant to make whole Brooke S. Foley by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraphs 12-25 above, including emotional pain and suffering, in an amount to be determined at trial.

      H.     Order Defendant to pay Brooke S. Foley punitive damages for its malicious and reckless conduct described in paragraphs 12-25 above, in amounts to be determined at trial.

      I.     Grant such further relief as the Court deems necessary and proper in the public interest.

      J.     Award the Commission its costs of this action.

## JURY TRIAL DEMAND

Pursuant to Federal Rules of Civil Procedure 38 and 39, Plaintiff requests a jury trial on all issues raised in the instant Complaint which may be tried by a jury.

      Respectfully submitted,

      U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

      P. DAVID LOPEZ
      General Counsel

      JAMES LEE
      Deputy General Counsel

      GWENDOLYN YOUNG REAMS
      Associate General Counsel
      131 M Street, N.E.

        Washington, D.C. 20507

        _/s/ Connie K. Wilhite_
        CONNIE K. WILHITE
        Senior Trial Attorney
        Attorney-in-Charge

        Texas Bar No. 00792916
        Southern Dist. of Texas No. 23624
        U.S. Equal Employment Opportunity Commission
        1201 Louisiana Street, Suite 600
        Houston, Texas 77002
        (713) 651-4976
        (713) 651-7995 [facsimile]
        connie.wilhite@eeoc.gov

OF COUNSEL:

JIM SACHER
Regional Attorney

ROSE ADEWALE-MENDES
Supervisory Trial Attorney

U.S. Equal Employment Opportunity Commission
1201 Louisiana Street, Suite 600
Houston, Texas 77002